725 So.2d 1143 (1998)
STATE of Florida, Appellant,
v.
Shantavious Augusta WILSON, Appellee.
No. 98-00462.
District Court of Appeal of Florida, Second District.
October 21, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellee.
CAMPBELL, Acting Chief Judge.
The State challenges the trial court order granting appellee's motion to suppress evidence seized following his arrest for opposing or obstructing an officer without violence. We agree with the State that appellant's arrest and the subsequent search were valid and reverse.
At the hearing on appellee's motion to suppress, Officers Velez and McGinnis testified that they observed appellee riding his bicycle westbound in eastbound traffic with no front or rear light at approximately 8:45 p.m. Officer Velez stated that he rolled down his window, turned on the patrol car's emergency equipment, and told appellee to stop. Appellee then fled on his bicycle with the officers in pursuit. Appellee eventually lost his footing, fell to the ground, and ran. The officers apprehended appellee and placed him in custody. A subsequent search revealed a small .25 caliber handgun in appellee's right *1144 front pocket and two rounds of .32 caliber ammunition in his left pocket.
On appeal, appellee contends that the order granting his motion to suppress the seized evidence was proper and cites Thomas v. State, 614 So.2d 468 (Fla.1993), for the proposition that following the violation of a traffic ordinance an officer is only allowed to detain an individual for purposes of writing a citation. While we agree with appellee that a full custodial arrest for violation of a municipal ordinance is improper, such was not the case here. The record reveals that the officers were justified in attempting to stop appellee for operating a bicycle without lights after dark in violation of section 316.2065(8), Florida Statutes (1997). It was only after appellee refused to stop and ran from the officers that he was apprehended and searched. Under these circumstances, appellee obstructed the officers in the performance of their legal duty in violation of section 843.02, Florida Statutes (1997). See R.L.L. v. State, 466 So.2d 1230 (Fla. 2d DCA 1985). Appellee's arrest for opposing an officer without violence and the resulting search were therefore proper.
Accordingly, we reverse and remand for further proceedings.
FRANK and GREEN, JJ., concur.