753 So.2d 695 (2000)
Angel CARABALLO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1545.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
*696 KLEIN, J.
Appellant was convicted of possession of cocaine and drug paraphernalia and argues that the trial should have granted his motion to suppress. We affirm.
Two officers observed appellant, who was on a bicycle, enter into an exchange with two young men in a high drug area. It was dark at the time, and they could not see sufficiently to determine precisely what was occurring. When appellant rode away on his bicycle, which did not have a headlight or taillight, the office stopped him because the lack of lights was a traffic violation. § 316.2065, Fla. Stat. (1997).
When the officers asked appellant for his driver's license or identification, appellant told them his license was suspended and handed it to them. Displaying or possessing a suspended driver's license, with knowledge that it has been suspended, is a second degree misdemeanor. § 322.32(1), Fla. Stat. (1997). The officers verified that the license was suspended, took appellant into custody, and made a search incident to arrest which produced contraband.
Appellant's argument appears to be that he was in fact only cited, or should have only been cited, and therefore he could not have been searched incident to an arrest. The probable cause affidavit does indicate that a citation was issued. The officers testified, however, that they decided to arrest appellant because of the suspended license, rather than issue him a citation.
Appellant correctly recognizes that the officers did not violate his constitutional rights in stopping him because of the traffic violation. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). His reliance on Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), however, is misplaced, because in Knowles the officers only issued a citation for the traffic violation rather than arresting the defendant. In Knowles the Supreme Court held that the fourth amendment does not authorize a full automobile search under those circumstances.
The present case is very similar to State v. Wilson, 725 So.2d 1143 (Fla. 2d DCA 1998), in which the officers attempted to stop the defendant for operating a bicycle without lights after dark, but he ran. When the officers caught up with him, they arrested him for obstructing them in the performance of their legal duty, see section 843.02, Florida Statutes (1997), and the second district upheld a search in connection with the arrest.
In the present case the trial court factually found that, after a lawful stop, appellant committed an entirely separate misdemeanor, possession of a suspended license, for which he was lawfully arrested. We find no abuse of discretion. McNamara v. State, 357 So.2d 410 (Fla.1978).
Affirmed.
WARNER, C.J., and GUNTHER, J., concur.