PER CURIAM.
Roger Bunger challenges an order denying his motion for postconviction relief. Bunger’s motion alleged that his trial counsel failed to render effective assistance based on his: 1) failure to call witnesses; 2) failure to obtain exculpatory documents from another attorney retained by Bunger before trial; 3) failure to request a curative instruction on improper testimony concerning his right to remain silent; 4) lack of knowledge about video evidence; and 5) failure to note a conflict of interest because the public defender was also representing one of his codefendants.
On appeal he argues that the trial court’s order is deficient because it fails to address each of these claims. Because the trial cornet failed to make findings of fact and conclusions of law, and also failed to provide rationales for denying claims 2 and 3, we reverse as to those claims. See Fla.R.Crim.P. 3.850(d) (providing that following an evidentiary hearing on a post-conviction claim, the trial court shall make findings of fact and conclusions of law as to the issues presented by the defendant). The court attached volume II of the hearing transcript to its order denying Bun-ger’s motion; however, this transcript does not refute Bunger’s second and third claims. The court made adequate findings and stated a rationale for denying each of the remaining claims in its ruling from the bench.
On remand, the court shall enter an order making findings of fact and conclusions of law as to Bunger’s second and third claims or identify those portions of the record which demonstrate that Bunger is not entitled to relief on those claims.
Affirmed in part, reversed in part and remanded.
WHATLEY, A.C.J., and STRINGER, J., and DANAHY, PAUL W., (Senior) Judge, concur.