KLEIN, J.
The state appeals an order suppressing a handgun, a shotgun, two handgun cases and one handgun holster. We reverse.
Based on information that appellant was engaging in criminal activity, officers inquired and discovered that there was an outstanding warrant for his arrest. Without a search warrant, officers entered a residence with the consent of some of the occupants and found appellant sitting on a bed. They immediately placed him under arrest and handcuffed him. As appellant got up off the bed in order for the officers to search him, one of the officers noticed a bulge in the mattress, lifted it up, and found a handgun where appellant had been sitting. Another officer observed, in a closet which did not have a door, gun eases. When the officer bent over to look at the gun cases he saw a shotgun.
The trial court suppressed the handgun found under the mattress and the items in the closet, stating at the hearing that the strongest argument against suppression would have been the safety of the officers, but that was not a legitimate concern because the defendant had been handcuffed. The state appeals, arguing that the trial court applied the standards applicable to a search incident to a stop and frisk instead *1239 of those applicable to a search incident to arrest.
In Chimel v. California, 395 U.S. 752, 762, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) the United States Supreme Court allowed an unwarranted search of “the area into which an arrestee might reach in order to grab a weapon or evidentiary item.” The Court concluded that a gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. Therefore there was justification for a search of the arrestee’s person and the “area within his immediate control.”
The holding of Chimel has been codified in section 901.21, Florida Statutes, which authorizes an officer making an arrest to search “the area within the person’s immediate presence or control.” See also Savoie v. State, 422 So.2d 308 (Fla.1982)(search of defendant’s briefcase incident to an arrest upheld even though the search was not done until after defendant had been placed under arrest and handcuffed); New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)(search of pocket in defendant’s jacket which was zipped closed and had been inside defendant’s car upheld, even though defendant had already been arrested and handcuffed, and was being held outside the vehicle). The search under the mattress where appellant was sitting was accordingly proper.
As to the gun cases and the shotgun which were in the doorless closet, these were in plain view. Because the officers had reason to believe that appellant was a convicted felon, it would have been a crime for appellant to have them in his possession. Suppression of this evi-denee was, accordingly, also error. Reversed.
SHAHOOD, J., and SILVERMAN, SCOTT J., Associate Judge, concur.