826 So.2d 1081 (2002)
Steven Charles KORNEGAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2717.
District Court of Appeal of Florida, First District.
October 2, 2002.
James C. Banks of the Law Offices of James C. Banks, P.A., Tallahassee; Theresa A. Marvin, Special Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from an order denying a motion to vacate sentence, entered following an evidentiary hearing. We reverse and remand pursuant to Florida Rule of Criminal Procedure 3.850(d), which provides that once an evidentiary hearing has been held, the trial court shall "determine the issues, and make findings of fact and conclusions of law with respect thereto." Without making any factual findings, the court concluded that defense counsel's failure to move for judgment of acquittal and for mistrial fell below an objective standard of reasonableness, but that the evidence did not show there was a reasonable probability that the outcome of trial would have been different without such deficient performance.
The two-pronged analysis of whether counsel provided ineffective assistance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is a mixed question of law and fact. On review, the appellate court must give deference to the trial court's factual findings, and independently review the trial court's legal conclusions. Stephens v. State, 748 So.2d 1028 (Fla.1999). Because the court did not make factual findings at the evidentiary hearing or in the written order, this court cannot independently review the sufficiency of the court's conclusion under the prejudice prong. We direct the court on remand to determine whether it can make the necessary findings and conclusions based upon the record that will show appellant was not entitled to relief.
REVERSED and REMANDED.
ERVIN, BOOTH and DAVIS, JJ., concur.