MAY, J.
The State appeals a trial court order that granted the defendant’s motion to suppress. We reverse and remand.
At the hearing on the motion to suppress, the State called two of the three law enforcement officers involved in the case. The first detective testified that a confidential informant told him that drugs were being sold at a warehouse location. He conducted a controlled buy using the confidential informant, which led to the issuance of a search warrant.
*1083 To confirm that the drugs were still at the location, the detectives conducted a second controlled buy. That buy resulted in a purchase of cannabis, which was verified by one of the detectives. Minutes after the completion of the second controlled buy, one of the detectives saw the suspect seller make contact with the defendant in a black Buick Regal. The suspect seller retrieved a key from his pocket, opened the trunk of his car, and loaded plastic bags with a green leafy substance into a soft pack cooler. He then walked back to the defendant’s car and gave the cooler to him. Believing the substance to be cannabis, the detective relayed the information to another deputy, who stopped the Regal.
During the hearing on the motion to suppress, the arresting deputy did not testify. However, one of the detectives testified that the arresting deputy had seen marijuana in plain view in the defendant’s car after the stop.
The defendant testified that he had been stopped and ordered out of the car. According to his testimony, the deputy began to search the trunk and found marijuana. He admitted that the marijuana was in the trunk, but denied that it was his or that it had been in plain view.
During the legal argument on the motion, much attention was focused on whether the detective’s testimony that the deputy found the marijuana in plain view was sufficient to establish the state’s case since it was hearsay. The State argued that the deputy had probable cause to arrest at the time of the stop. The defendant argued that there was only reasonable suspicion, and without the arresting deputy’s direct testimony as to where the marijuana was found, the State could not establish the marijuana was in plain view. The trial court agreed with the defense and granted the motion to suppress.
“Probable cause to arrest exists when the totality of the facts and circumstances within the officer’s knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it.” State v. Russell, 659 So.2d 465, 468 (Fla. 3d DCA 1995). “In dealing with probable cause, ... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Brinegar v. U.S., 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).
In Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995), the Second District articulated six factors to be considered in determining whether the evidence establishes probable cause. Courts should consider the training and experience of the law enforcement officer, the quality of the surveillance procedures, the history of the location under surveillance, recent events, prior knowledge of the parties, and the detailed description of the event. Id. at 216-17.
In this case, the detectives had fourteen (14) and fifteen (15) years of experience, respectively. Two controlled buys had been conducted at the same location from the same seller, resulting in the purchase of marijuana. One detective viewed the transaction involving the defendant within moments after completion of the second controlled buy. The detectives were able to give a detailed description of the event. This information was immediately relayed to the arresting deputy. Under the totality of circumstances, the State established probable cause to arrest prior to the stop of defendant’s car.
“An ‘arresting officer is not required to have sufficient first-hand knowl *1084 edge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication ... had firsthand knowledge.’ ” Crawford v. State, 334 So.2d 141, 142 (Fla. 3d DCA 1976), quoted in, Ferrer v. State, 785 So.2d 709, 711 (Fla. 4th DCA 2001). Here, the detective who watched the controlled buy also saw the seller give the drugs to the defendant. In fact, he was able to view the defendant’s vehicle up to the point of the stop. He relayed the information to the arresting deputy. Under the fellow officer rule, the arresting deputy was entitled to rely on the information relayed to him by the detective. Huebner v. State, 731 So.2d 40 (Fla. 4th DCA 1999). Thus, the arresting deputy had probable cause to arrest at the time of the stop.
With the existence of probable cause established, the subsequent search of the truck was justified as incident to the defendant’s arrest. See State v. Lingo, 796 So.2d 1238 (Fla. 4th DCA 2001); Caraballo v. State, 753 So.2d 695 (Fla. 4th DCA 2000). The motion to suppress should have been denied.
We reverse and remand.
STONE, J. and JACOBUS, BRUCE, Associate Judge, concur.