PER CURIAM.
Louis Strianese challenges an order entered after an evidentiary hearing that denied his motion for postconviction relief, which alleged multiple claims of ineffective assistance of counsel. The trial court summarily denied one of Strianese’s claims but held an evidentiary hearing on the remaining claims. Because the trial court failed to make findings of fact and conclusions of law as to the claims heard at the evidentia-ry hearing before it denied Strianese’s motion, we reverse the order. See Fla. R.Crim. P. 3.850(d) (providing that following an evidentiary hearing on a postconviction claim, the trial court shall make findings of fact and conclusions of law as to the issues presented by the defendant); see also Bunger v. State, 779 So.2d 542 (Fla. 2d DCA 2000); Kornegay v. State, 826 So.2d 1081 (Fla. 1st DCA 2002).
We have considered the other arguments raised by Strianese and find them to be without merit. We affirm without discussion the trial court’s summary denial of Strianese’s claim that trial counsel was ineffective for failing to file a motion for new trial on the basis that the verdict was contrary to the weight of the evidence. On remand, the trial court shall enter an order making findings of fact and conclusions of law to support its determination that Strianese was not entitled to relief on his remaining claims.
Affirmed in part, reversed in part, and remanded.
FULMER, COVINGTON, and WALLACE, JJ., Concur.