PER CURIAM.
Eric Miller (“the Defendant”) appeals from the trial court’s denial of his motion for post conviction relief. We reverse and remand for further proceedings.
A jury convicted the Defendant of strong-arm robbery for snatching a bag and purse from two tourists inside a car. He was caught hiding within the police perimeter area shortly after the robbery, and the purse was located near his hiding place. Both tourists identified the Defendant at a show-up and at trial.
The Defendant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 claiming that he should receive a new trial based on newly discovered evidence. Specifically, he alleges that he encountered a witness in prison who claimed to have seen a different person commit the robbery ten years earlier. The State conceded that this information could not have been discovered earlier through the use of due diligence, so the trial court held an evidentiary hearing. The trial court denied the motion following the evidentiary hearing without making any factual findings or legal conclusions.
The rule governing motions for post conviction relief provides that, “[i]f an eviden-tiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto.” Fla. R.Crim. P. 3.850(d) (emphasis added).
It is impossible for this Court to determine on appeal whether the trial court’s ruling is based on competent substantial evidence without the benefit of the trial court’s findings. We remand this cause to the trial court for its entry of an order containing factual findings and legal conclusions as required by rule 3.850(d). Dillbeck v. State, 882 So.2d 969 (Fla.2004).
Reversed and remanded with instructions.