PER CURIAM.
Appellant appeals the circuit court’s denial of his 3.850 motion for post-conviction relief. We find merit in appellant’s argument that the circuit court erred when it granted appellant an evidentiary hearing, but failed to make findings of fact and conclusions of law respecting the evidence and argument presented at said hearing. We affirm, without comment, as to each of appellant’s other claims on appeal.
In the 3.850 motion, filed below, appellant alleged his trial counsel was ineffec- *57 five for failing to request an accomplice jury instruction. The circuit court granted appellant an evidentiary hearing on this claim. However, the order denying appellant’s motion for postconviction relief contains no findings of fact or conclusions of law regarding the substance of appellant’s ineffective assistance of counsel claim.
“If an evidentiary hearing is required, the court shall ... determine the issues, and make findings of fact and conclusions of law with respect thereto.” Fla. R.Crim. P. Rule 8.850(d). In the instant case, the trial court erred by failing to make any findings of fact — either orally or in writing. See Dillbeck v. State, 882 So.2d 969, 972 (Fla.2004); see also Jones v. State, 740 So.2d 520, 524 (Fla.1999) '(“[T]he trial court’s failure ... to make findings of fact and conclusions of law violated Florida Rule of Criminal Procedure 3.850(d).”). Due to the trial court’s failure, this Court may not reach the merits of appellant’s postconviction claim. Rather, we remand this case to the circuit court to make the needed findings. See, e.g., Kornegay v. State, 826 So.2d 1081, 1081 (Fla. 1st DCA 2002).[1]
This matter is AFFIRMED in part; and REMANDED in part with directions. On remand, the circuit court is directed to make factual findings and draw legal conclusions regarding appellant’s claim that counsel was ineffective for failing to request an accomplice liability jury instruction.
HAWKES, THOMAS, and ROBERTS, JJ., concur.

. The record in this case clearly contains competent, substantial evidence upon which the circuit court could have relied in denying appellant’s claim; however, the existence of the previously cited precedent compels us to remand this case to the circuit court so that it may make the required findings.