WARNER, J.
 

 Appellant, Victor Braneaccio, challenges the trial court’s denial of his motion for postconviction relief based upon newly discovered evidence. While the trial court found that evidence of the effects of the drug Zoloft could be considered newly discovered in that the drug warnings issued by the Food and Drug Administration came well after the trial in this action, it concluded that the evidence would not, as a matter of law, establish an involuntary intoxication defense and would not produce an acquittal on retrial. It thus denied the motion. We affirm.
 

 To succeed on a motion for post-conviction relief on the grounds of newly discovered evidence, the defendant must prove two factors. First, to qualify as newly discovered evidence, “the asserted facts ‘must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.’ ”
 
 Jones v. State,
 
 591 So.2d 911, 916 (Fla.1991), (quoting
 
 Hallman v. State,
 
 371 So.2d 482, 485 (Fla.1979)). Second, “the newly discovered evidence must be of such nature that it would
 
 probably
 
 produce an acquittal on retrial.”
 
 Jones,
 
 591 So.2d at 915 (emphasis in original).
 

 The standard of review following denial of a rule 3.850 claim after an eviden-tiary hearing requires deference to the trial court’s factual findings.
 
 See Jeantilus v. State,
 
 944 So.2d 500, 501 (Fla. 4th DCA 2006). The legal conclusions of the trial court are reviewed
 
 de novo. Demps v. State,
 
 761 So.2d 302, 306 (Fla.2000). Absent an abuse of discretion, a trial court’s decision on a motion claiming newly discovered evidence will not be reversed.
 
 Mills v. State,
 
 786 So.2d 547, 549 (Fla.2001).
 

 An accused may be completely relieved of criminal responsibility if, because of involuntary intoxication, he was temporarily rendered legally insane at the time he committed the offense.
 
 Brancaccio v. State,
 
 698 So.2d 597, 599 (Fla. 4th
 
 *741
 
 DCA 1997)
 
 (“Brancaccio I
 
 ”) (quoting Phillip E. Hassman, Annotation,
 
 When Intoxication Deemed Involuntary so as to Constitute a Defense to Criminal Charge, 73
 
 A.L.R.3d 195 (1976)). Stated differently, the definition of insanity has been expanded to include situations in which a person could not distinguish right from wrong as a result of the involuntarily-induced intoxicated state.
 
 Miller v. State,
 
 805 So.2d 885, 887 (Fla. 2d DCA 2001).
 

 In order to establish an involuntary intoxication defense, a defendant must first present sufficient evidence that an intoxicated condition was brought about by the introduction into the defendant’s body “of any substance which he does not know and has no reason to know has a tendency to cause an intoxicated or drugged condition.”
 
 Brancaccio,
 
 698 So.2d at 600 n. 4. The defendant would then have the burden to prove that this involuntary intoxication rendered him unable to understand what he was doing and to understand the consequences of his actions, or if he did understand, that he was unable to know that his actions were wrong.
 
 See generally Hall v. State,
 
 568 So.2d 882 (Fla.1990). “If a defendant introduces evidence sufficient to present a reasonable doubt about sanity, the presumption of sanity vanishes and the state must prove the accused’s sanity beyond a reasonable doubt.”
 
 Id.
 
 at 885 n. 6.
 

 In
 
 Brancaccio I,
 
 we reversed Brancac-cio’s murder conviction for a new trial after ruling that he was entitled to a jury instruction on involuntary intoxication where he presented evidence of intoxication resulting from his use of Zoloft pursuant to a prescription. On retrial, several expert witnesses testified for the defense that at the time of the incident, Brancaccio was suffering from negative side effects of Zoloft. These defense experts opined that Brancaccio was involuntarily intoxicated by Zoloft and was unable to form the intent to commit the offense, noting that his symptoms of anger, aggression and hyperactivity were made worse by his use of Zoloft. By contrast, the state presented several experts of its own who testified that Brancaccio was not involuntarily intoxicated because of his use of Zoloft. At the conclusion of the retrial, Brancaccio was again convicted as charged. On direct appeal, this court affirmed his convictions.
 
 See Brancaccio v. State,
 
 773 So.2d 582 (Fla. 4th DCA 2000).
 

 In 2006, Brancaccio filed a motion for postconviction relief based on newly discovered evidence consisting of new advisories, warnings and publications of the FDA and other drug regulatory agencies concerning the possible side effects of Zoloft in minors, including aggressive and impulsive behavior. The trial court conducted an extensive evidentiary hearing and analyzed the evidence, comparing it to the evidence of guilt. The court concluded that the evidence of the drug’s side effects and the FDA warnings constituted newly discovered evidence. However, as to the second factor, the court concluded that the evidence would not have resulted in an acquittal on retrial, because the other evidence in the case showed that an involuntary intoxication defense would not have succeeded.
 

 Other evidence showed that Brancaccio knew that his actions in striking his victim and then moving her behind a berm to continue the beating until she was dead were wrong, negating any involuntary intoxication defense. For example, the state presented evidence that Brancaccio told witnesses that he continued his initial assault on the victim so that she would not remember him, and that he killed her because he feared she would go to the police. Additionally, his subsequent actions showed that he was trying to avoid the consequences of his actions, also providing
 
 *742
 
 evidence of his knowledge that he knew his actions were wrong and thus could distinguish right from wrong. Concluding from the evidence that Brancaccio had engaged in a two-day systematic course of conduct to kill the victim and then cover up the evidence, the trial court denied relief.
 

 As there was substantial, competent evidence to support this view, the trial court did not err in rejecting the claim that the newly discovered evidence regarding the warnings of the side effects of Zoloft would have probably resulted in an acquittal on retrial. We thus affirm the trial court’s thorough ruling.
 

 POLEN and FARMER, JJ., concur.