PER CURIAM.
 

 Timothy Shields appeals a St. Lucie Circuit Court order denying some of the claims he raised in his motion for post-conviction relief following an evidentiary hearing, and an earlier order summarily denying his remaining claims.
 

 Shields was convicted, in separate trials, of aggravated assault with a deadly weapon, and of possession of a firearm by a convicted felon in the other. He appealed his conviction and sentence in the possession case only, and this Court affirmed without opinion in
 
 Shields v. State,
 
 869 So.2d 567 (Fla. 4th DCA 2004). He then timely filed a motion for post-conviction relief pursuant to Fla. R.Crim. P. 3.850 raising six claims of ineffective assistance of trial counsel.
 

 The trial court summarily denied portions of grounds one and two of the mo
 
 *386
 
 tion, relating to the prosecutor’s opening statement, and grounds three and six. It then ordered an evidentiary hearing on the remaining grounds. At the conclusion of the evidentiary hearing, a successor trial court judge advised that he would later rule on the record. There is no record of the court having ruled. Instead, it appears that the trial court entered a written order stating that the claims entertained at the evidentiary hearing were being denied based on findings announced in open court. No such findings or conclusions are in the record.
 

 We affirm without further comment the trial court’s summary denial of those portions of grounds one and two as identified by the court, as well as grounds three and six. However, we are unable to reach the merits of Shields’s challenges to the trial court’s denial of those claims considered after evidentiary hearing, given the absence of findings of fact and conclusions of law. Rule 3.850(d) provides in part:
 
 “If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto.”
 
 (emphasis added).
 

 Therefore, we reverse and remand for the trial court to make the required findings of fact and conclusions of law on those claims considered at the evidentiary hearing.
 
 Miller v. State,
 
 908 So.2d 1168 (Fla. 3d DCA 2005);
 
 Thomas v. State,
 
 954 So.2d 56 (Fla. 1st DCA 2007).
 

 Affirmed in part, Reversed and Remanded in part with instructions.
 

 POLEN, HAZOURI and DAMOORGIAN, JJ., concur.