SWANSON, J.
Appellant appeals the trial court’s denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
I. History.
At a jury trial held in Leon County, Florida, on July 10, 2008, Appellant was found guilty of a single count of sexual battery on a physically helpless victim. A sentencing hearing was conducted on September 28, 2008, and Appellant was sentenced to 108 months in state prison. This Court per curiam affirmed the judgment and sentence as imposed. See Hunter v. State, 36 So.3d 88 (Fla. 1st DCA 2009).
On October 12, 2010, Appellant filed a timely motion for postconviction relief. The state’s response denied Appellant’s claims and requested an evidentiary hearing, which was held on July 25, 2011. At the conclusion of the evidentiary hearing, the postconviction motion claims were denied. No factual findings were made. The court simply stated:
I did review the transcripts in the case and I do not find from my hearing the testimony today and my review of the transcript that there was ineffective assistance of counsel. So, I deny the motion.
On August 3, 2011, the trial court issued an Order Denying Defendant’s 3.850 Motion “for the reasons stated on the record at the July 25, 2011 evidentiary hearing.”
*1275 II. Substantive Issues.
In his claim for postconviction relief, Appellant alleged two substantive claims of ineffective assistance of counsel. Those claims, as restated, are:
1. Did the trial court err by denying postconviction relief based on trial counsel’s failure to impeach the victim?
2. Did the trial court err by denying postconviction relief based on trial counsel’s failure to object to evidence that Appellant took the victim’s son for a motorcycle ride?
III. Analysis
To prevail on a claim of ineffective assistance of trial counsel, a defendant must demonstrate (1) trial counsel’s performance was deficient, and (2) there is a reasonable probability that the outcome of the proceeding would have been different without the deficient performance. See Spencer v. State, 842 So.2d 52, 61 (Fla.2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs of the analysis involve mixed questions of law and fact, and only the trial court’s factual findings are to be afforded deference by appellate courts. See Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). As a result, the standard of review of the trial court’s findings of fact is whether they are supported by competent, substantial evidence. The trial court’s legal conclusions are reviewed de novo. Id. at 1033-34.
Here, the trial court did not make any factual findings either orally during the evidentiary hearing or in a written order. The trial court simply concluded it did not find that there was ineffective assistance of counsel. Florida Rule of Criminal Procedure 3.850(d) provides, in pertinent part, that “[i]f an evidentiary hearing is required, the court shall ... determine the issues, and make findings of fact and conclusions of law with respect thereto.”
The standard of review of the denial of a motion for postconviction relief following an evidentiary hearing requires deference to the trial court’s factual findings. See Brancaccio v. State, 27 So.3d 739 (Fla. 4th DCA 2010). Moreover, a fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact. See Farneth v. State, 945 So.2d 614, 617 (Fla. 2d DCA 2006). See also Thomas v. State, 954 So.2d 56 (Fla. 1st DCA 2007). When the trial court does not make factual findings at the evidentiary hearing or in the written order, “this court cannot independently review the sufficiency of the court’s conclusion under the prejudice prong.” Kornegay v. State, 826 So.2d 1081, 1081 (Fla. 1st DCA 2002). Therefore, the proper remedy is to direct the trial court on remand to determine whether it can make the necessary findings and conclusions based upon the record that will show the defendant was not entitled to relief. Id. In Thomas, this Court observed that even though the record clearly contained competent, substantial evidence upon which the trial court could have relied in denying the defendant’s claim the failure of the trial court to make the requisite findings compelled this Court to remand the case to the trial court so that it could make the required findings. See 954 So.2d at 57 and n. 1.
Based on the foregoing, we REVERSE the trial court’s final order and REMAND for the trial court to make findings of fact and draw legal conclusions of law regarding Appellant’s claims.
ROWE, and MARSTILLER, JJ„ concur.