PER CURIAM.
Defendant was charged with trafficking in butanediol (count 1); possession of methamphetamine with intent to sell/deliver (count 2); trafficking in MDMA (count 3); and possession/delivery of alprazolam (count 4). He entered into a substantial assistance plea agreement with the State. Under the terms of the plea, Defendant would provide the State with substantial assistance in exchange for a sentence below the statutory minimum. After approximately ten months, the State notified the court that Defendant had failed to comply *537 with the agreement. The court sentenced Defendant to fifteen years imprisonment in count one, seven years in counts two and three, and to five years in count four. He did not file a direct appeal.
Defendant filed a 3.850 motion raising three claims. In particular, he claimed that the terms of the agreement were vague, and that the requirements for providing substantial assistance were never clearly defined. He also challenged the voluntariness of his plea and alleged that the State violated the agreement by engaging in dilatory conduct. In a court ordered response, the State argued that Defendant’s claims should be summarily denied. The trial court rejected the State’s recommendation and set the matter for an evidentiary hearing. At the conclusion of the hearing, the trial court stated that it would take the matter under advisement and make specific findings in its final order. The order, however, contained no factual findings or legal conclusions.
The standard of review of the denial of a motion for postconvietion relief after an evidentiary hearing requires deference to the trial court’s factual findings. See Brancaccio v. State, 27 So.3d 739 (Fla. 4th DCA 2010). An appellate court is not empowered to make findings of fact. See Hunter v. State, 87 So.3d 1273 (Fla. 1st DCA 2012). The trial court was required to set forth the findings and conclusions that showed why Defendant was not entitled to relief on his claims. Absent any such findings, we cannot review the sufficiency of its ruling. The State agrees that remand is necessary.
Therefore, we reverse and remand for further proceedings. On remand, the lower court is directed to make the necessary findings and conclusions of law as required by the rule. See Fla. R.Crim. P. 3.850(d); Jacobs v. State, 80 So.3d 440 (Fla. 4th DCA 2012).

Reversed and Remanded with instructions.

MAY, C.J., GROSS and CIKLIN, JJ., concur.