PER CURIAM.
Darvin Floyd was convicted of attempted murder in the second degree. The trial court made a specific finding that Floyd possessed and discharged a firearm which had inflicted great bodily harm to the victim. Floyd filed a multi-point ineffective assistance of trial counsel motion pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied some issues, and others were the subject of an evidentiary hearing. This appeal concerns Floyd’s sole claim that defense counsel failed to investigate witness testimony that the victim, after having identified Floyd as the shooter, was asking people the identity of the person who had shot him. Charles Roberts’ testimony at the evidentiary hearing supported that claim. The trial court denied Floyd’s motion, but did not specifically address this point.[1]
As we recently stated in Tyrell v. State, 107 So.3d 536, 537 (Fla. 4th DCA 2013):
*1172 The standard of review of the denial of a motion for postconviction relief after an evidentiary hearing requires deference to the trial court’s factual findings. See Brancaccio v. State, 27 So.3d 739 (Fla. 4th DCA 2010). An appellate court is not empowered to make findings of fact. See Hunter v. State, 87 So.3d 1273 (Fla. 1st DCA 2012). The trial court was required to set forth the findings and conclusions that showed why Defendant was not entitled to relief on his claims. Absent any such findings, we cannot review the sufficiency of its ruling.
As in Tyrell, we reverse and remand for further proceedings. On remand, the lower court is directed to make the necessary findings and conclusions of law as required by the rule. See Fla. R.Crim. P. 3.850(d)[2]; Jacobs v. State, 80 So.3d 440 (Fla. 4th DCA 2012).

Reversed and Remanded with instructions.

MAY, CIKLIN and FORST, JJ, concur.

. Within its order denying relief, the judge ruled: "as to the claim based on newly discovered evidence, the Court finds there is lack of credibility of the witness.” The judge denied the other claims without comment. The newly discovered evidence claim concerned a different witness who testified that after Appellant had been sentenced, Appellant’s brother said that he was the shooter, not Appellant.

. Though renumbered, the current rule requires the findings. See Fla. R.Crim. P. 3.850(f)(8)(A) ("If an evidentiary hearing is required, the court shall grant a prompt hear-tag and shall cause notice to be served on the state attorney ... and shall determine the issues, and make findings of fact and conclusions of law with respect thereto.").