PER CURIAM.
Appellant appeals the trial court’s denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Appellant was charged and found guilty of sexual battery on a child under twelve *852 years of age. He was sentenced to life in prison. This Court per curiam affirmed the judgment and sentence as imposed. See Marcus v. State, 51 So.3d 1157 (Fla. 1st DCA 2011).
On March 21, 2012, Appellant filed a timely motion for postconviction relief alleging five grounds of ineffective assistance of counsel. The State’s response denied Appellant’s claims. Thereafter, Appellant requested an evidentiary hearing, which was held on June 3, 2014. At the conclusion of the evidentiary hearing, the postconviction claims were denied. On June 11, 2014, the trial court issued an Order Denying Motion for Post-Conviction Relief finding as follows:
The Defendant presented his own- testimony at the hearing, in addition, to submitting Exhibits 1-4. The Court has considered all matters of record.
Based upon the record, this Court cannot conclude there was ineffective assistance of counsel sufficient to grant the requested relief. Accordingly, the motion is denied.
Here, the trial court did not make any factual findings during the evi-dentiary hearing or in a written order. The trial court simply concluded it did not find that there was ineffective assistance of counsel sufficient to support the claim. Rule 3.850, Florida Rules of Criminal Procedure, requires the trial court to make findings of fact supporting its conclusion where an evidentiary hearing is required. See Kornegay v. State, 826 So.2d 1081 (Fla. 1st DCA 2002). Failure to make factual findings precludes this Court from determining the sufficiency of the trial court’s conclusion under the prejudice prong. Hunter v. State, 87 So.3d 1273, 1275 (Fla. 1st DCA 2012). When the trial court does not make factual findings, the proper remedy is to direct the- trial court on remand to determine whether it can make the necessary findings and conclusions based upon the record that will show appellant was not entitled to relief. Kornegay, 826 So.2d at 1081.
Appellant further argued on appeal that the trial court erred when it summarily denied Appellant’s postconviction claim that counsel was- ineffective when he “mixed up” the names of prospective jurors during von- dire. However, the trial court heard arguments on this issue at the evidentiary hearing. Therefore, the issue is moot as the requested relief was granted. See Paul Jacquin & Sons, Inc., v. City of Port St. Lucie, 69 So.3d 306, 308 (Fla. 4th DCA 2011). On remand, the trial court should include the above claim in its analysis.
Based on the foregoing, we REVERSE the trial court’s final order and REMAND for the trial court to make findings of fact and draw conclusions of law regarding Appellant’s claims.
MAKAR, JAY, and M.K. THOMAS, JJ., concur.