# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

Nos. 1D16-2262
1D17-0571

—————————————————

EVAN C. WILHELM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

—————————————————

On appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

August 10, 2018

ON MOTION FOR REHEARING*

PER CURIAM.

This is a consolidated appeal from orders denying Evan C. Wilhelm's motion for postconviction relief and motion to correct illegal sentence. Mr. Wilhelm asserted multiple grounds of ineffective assistance of counsel related to the plea and sentencing process and also asserted that his sentence was an illegal general sentence.

—————————————

* We deny rehearing, but grant clarification, substituting this opinion for our original opinion.

BACKGROUND

At a Florida State University fraternity party in January 2011, Mr. Wilhelm was drinking and playing with a loaded AK-47 semi-automatic rifle, pointing it at various people. When he pointed it at one young woman in the room, the firearm discharged, striking her in the chest and killing her. Appellant was charged with and entered an open no contest plea to three criminal charges: manslaughter, possession of a firearm on school property, and culpable negligence with injury.

Because of Mr. Wilhelm's plea, the only remaining issue was sentencing. At a contested sentencing hearing, the State sought a lengthy prison sentence, while Mr. Wilhelm urged the court to downward depart from the lowest permissible sentence on the scoresheet of 127.35 months (or 10.5 years).

Before imposing sentence, the court discussed the manslaughter count, but did not find a downward departure to be appropriate. The court imposed a prison sentence of twenty years and ten years' probation. The clerk then inquired about count three, whereupon the court sentenced Mr. Wilhelm to time served on count three. There was no mention of count two (possession of a firearm on school property). The final written judgment, however, reflected a sentence of 20 years' incarceration followed by 10 years' probation for both counts one and two.

ANALYSIS

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court outlined the two-pronged test to determine ineffective assistance of trial counsel. *Spera v. State*, 971 So. 2d 754, 757 (Fla. 2007). "The deficient performance prong requires . . . acts or omissions of counsel that are 'so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.' The prejudice prong requires . . . 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 757-58 (quoting *Strickland*, 466 U.S. at 649).

On appellate review, the court applies a mixed standard of review. *See Smith v. State*, 213 So. 3d 722, 739 (Fla. 2017). This

2

Court reviews the trial court's factual findings for competent, substantial evidence, and it reviews the trial court's legal conclusions de novo. *Hunter v. State*, 87 So. 3d 1273, 1275 (Fla. 1st DCA 2012).

Mr. Wilhelm raised multiple claims of ineffective assistance of counsel in the trial court. On appeal, he asserts that his attorneys were ineffective for failing to convey a plea offer, failing to give him good advice regarding the offer, and miscalculating his age and not taking advantage of the sentencing window during which he qualified for sentencing as a youthful offender (and not owning up to this error at the sentencing hearing).

At the evidentiary hearing on his post-conviction motion, Mr. Wilhelm testified that he was never advised of the State's plea offer of 10 years' incarceration, and would have taken the offer if he had known about it. Mr. Wilhelm had four attorneys, one of whom was his father. His father and another attorney testified that Mr. Wilhelm was not advised of this plea offer. However, Mr. Wilhelm's other two attorneys, Mr. Dobson and Mr. Smith, testified that they went to the jail and advised Mr. Wilhelm of the State's plea offer and he rejected it. They testified that they advised him he could potentially receive a sentence of 20 years or more. But Mr. Wilhelm was not prepared to accept a plea offer that included more than two or three years' incarceration. The attorneys told him that they did not think such an offer would be forthcoming. The trial court credited the testimony of the two attorneys. Thus, we find no error in the trial court's decision to deny relief because Mr. Wilhelm's argument did not establish prejudice.

Attorneys Dobson and Smith also testified that they originally considered seeking a youthful offender sentence for Mr. Wilhelm, but didn't correctly account for his age and that the window to seek the mitigated sentence expired just a few months after the charges were filed when Mr. Wilhelm turned 21. *See* § 958.04(1)(b), Fla. Stat. (authorizing youthful offender sentencing if a defendant is younger than 21 years of age at the time the sentence is imposed). The attorneys admitted miscalculating Mr. Wilhelm's age, but testified that the overarching defense strategy was to delay sentencing to give the victim's family time to heal, hoping that they

would not oppose a mitigated sentence. In addition, they contended the originally assigned trial judge had a reputation for giving lengthy prison sentences. And Mr. Wilhelm did not want to enter an open plea in front of that particular trial judge. Under these circumstances, the trial court concluded "that the failure to explore sentencing under the Youthful Offender Act would simply not have made any difference in the outcome." We affirm this conclusion. We additionally find no merit to the argument that counsel's failure to own up to miscalculating Mr. Wilhelm's age at the sentencing hearing created a conflict of interest and ineffective assistance.

Finally, we affirm the trial court's decision to deny Mr. Wilhelm's 3.800(a) claim. Mr. Wilhelm argues that the court imposed an unlawful general sentence for counts one and two. But we see the issue like the trial court did. The sentencing judge's error on count two was not that it imposed an unlawful general sentence, but that it entirely overlooked count two when orally pronouncing the sentence. The written judgment suggested that the court had imposed an unlawful general sentence, but the written judgment was wrong. The trial court did not address count two at sentencing. This problem, however, has been addressed. The court issued a corrected judgment that corrected the sentence on count two to time served. As it stands, Mr. Wilhelm has already completed his time-served sentence on count two, and the sentence on count one is legal.

For these reasons, the orders are AFFIRMED.

WOLF, OSTERHAUS, and WINSOR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

4

Wm. J. Sheppard, Elizabeth L. White, Matthew R. Kachergus, Bryan E. DeMaggio, and Jesse B. Wilkinson, of Sheppard, White, Kachergus, & DeMaggio, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.