IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDUARDO SANTIAGO, JR.,

      Appellant,

 v.                                 Case No.  5D18-1479

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 31, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Kim Shepard, Judge.

F. Wesley Blankner, Jr., Orlando, for
Appellant.

No Appearance for Appellee.


PER CURIAM.

      Eduardo Santiago, Jr. appeals the order summarily denying his Florida Rule of

Criminal Procedure 3.850 motion to set aside his judgment and sentence, which

contained several unnumbered claims.  One of Appellant's claims is that he was

prejudiced by the affirmative misadvice of counsel, who supposedly told Appellant that he

could not be sentenced to a prison term longer than his codefendants received, namely

eighteen months.  However, following his open plea to the court, Appellant was sentenced

to ten years in prison.  The records attached to the order do not conclusively refute the claim of affirmative misadvice.  *See Byron v. State*, 241 So. 3d 271, 271-72 (Fla. 5th DCA 2018); *Lamkin v. State*, 215 So. 3d 640, 641 (Fla. 5th DCA 2017).

Accordingly, we reverse the denial of the affirmative misadvice claim with instructions for the postconviction court to either conduct an evidentiary hearing or attach records that conclusively refute that claim.  After careful consideration, we affirm the summary denial of the remaining claims.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

EVANDER and EDWARDS, JJ., concur.

LAMBERT, J., concurring and concurring specially.

I concur with the majority opinion because Santiago's allegation that his counsel "misadvised" him that he could not be sentenced to a prison term longer than the eighteen months received by his codefendants was not conclusively refuted by the record attachments to the denial order under review. *See Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) ("To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record."). Where, as here, a rule 3.850 motion is summarily denied without an evidentiary hearing, an appellate court must accept as true the defendant's factual allegations that are not conclusively refuted by the record. *Ciambrone v. State*, 128 So. 3d 227, 230 (Fla. 2d DCA 2013) (citing *Peede*, 748 So. 3d at 257).

That being said, I make the following two observations. First, the instant claim arguably could have been avoided if Santiago had been asked during his plea colloquy whether his attorney or anyone else had advised or promised him that he would receive a certain sentence from the court in exchange for his open plea. If Santiago had answered "No," then any future postconviction claim, such as the one here, based upon an alleged promise or misadvice by counsel about the length of the sentence would be meritless. *See Polk v. State*, 56 So. 3d 804, 808 (Fla. 2d DCA 2011) (recognizing that "a defendant should be estopped to receive an evidentiary hearing on a postconviction claim when the basis of the claim is that he lied under oath at the relevant hearing"). Stated differently, a defendant's sworn answers given during a plea colloquy mean something and cannot be conveniently disavowed in a later postconviction proceeding. Conversely, if Santiago had answered "Yes," then the court could have made further inquiry and

3

clarified for Santiago that it was not so limited in its sentencing options, and Santiago could then have decided whether to still tender an open plea.

Second, assuming that the postconviction court on remand sets an evidentiary hearing on this one claim, the burden will then be on Santiago at the hearing to present evidence necessary to prove his allegation that his counsel provided ineffective assistance by misadvising him that his maximum prison exposure was no more than the eighteen months received by his codefendants. I am unaware of any legal basis providing that the trial court could not impose a prison sentence greater than eighteen months. Moreover, my review of the record attachment to the present denial order suggests, albeit not conclusively, that no such "advice" was given to Santiago by his counsel. Nevertheless, it is for the trial court to consider the testimony of Santiago, his trial counsel, and, for that matter, any other witness at the evidentiary hearing and make credibility determinations and findings of fact regarding counsel's alleged misadvice. *See Shere v. State*, 742 So. 2d 215, 218 n.8 (Fla. 1999) (stating that the role of the trial court in a postconviction motion evidentiary hearing is to make credibility determinations and findings of fact). Assuming that Santiago's trial counsel provides the likely testimony at the evidentiary hearing that he did not advise Santiago that he could not receive a prison sentence in excess of eighteen months, the court is certainly free to find counsel's testimony more credible than the conflicting testimony from Santiago and thereafter deny the motion. *See Moore v. State*, 458 So. 2d 61, 61 (Fla. 3d DCA 1984) (recognizing that at a rule 3.850 evidentiary hearing, the trial court is entitled to reject the defendant's testimony in favor of the conflicting testimony of trial counsel).