# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3833

_____

RUFUS B. JONES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

October 30, 2019

M.K. THOMAS, J.

Rufus Jones appeals the denial of his motion for postconviction relief after an evidentiary hearing. He argues the postconviction court erred by failing to find ineffective assistance of trial counsel for improperly advising him regarding the State's plea offer.* We disagree and affirm the denial of Appellant's postconviction motion.

_____

* Appellant also claims the postconviction court erred in its analysis of whether he was prejudiced by trial counsel's alleged deficient performance. However, because we find Appellant fails

## I. Facts and Procedural History

Following a jury trial, Jones was found guilty of attempted second-degree murder and received the minimum mandatory sentence of twenty years imprisonment. This Court affirmed the judgment and sentence. *See Jones v. State*, 107 So. 3d 563 (Fla. 1st DCA 2013). Thereafter, Jones timely filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing his lead trial counsel, Attorney Handfield, rendered ineffective assistance in advising him to decline a favorable plea offer from the State. The postconviction court held an evidentiary hearing on his claims.

Jones was represented by Attorney Handfield, lead counsel at trial, and Attorney Akbar, a local attorney acting as second chair. It is undisputed that prior to trial the State submitted a five-year plea offer, which was renewed on the day of trial.

At the postconviction evidentiary hearing, Jones claimed Attorney Handfield advised him not to accept the plea offer because he believed the victim's testimony would be favorable to Jones' defense, and he was confident he would win at trial. However, Jones could not recall whether Attorney Handfield advised if he had spoken with or deposed the victim. Jones claims that had he known the victim's testimony would not be favorable to him at trial, he would have accepted the plea offer.

Attorney Akbar, defense co-counsel, confirmed that Jones was offered a five-year plea deal, which he conveyed to Jones. He was not present when Attorney Handfield discussed the plea offer with Jones. According to Attorney Akbar, Attorney Handfield told Jones' family not to take the plea as he had a strong case for trial. Attorney Akbar indicated Jones relied heavily on what his family thought and suggested. Attorney Akbar also recalled Attorney Handfield advising the family that the victim's testimony would be favorable to the defense. However, in his opinion it was not. Attorney Akbar testified that he encouraged both Jones and his family to take the plea offer, as Jones was facing a maximum

_____

to establish deficient performance, we need not address issues related to the prejudice prong.

2

sentence of life with a minimum mandatory of twenty years. Regardless, Jones declined the offer.

Attorney Handfield, lead defense counsel, testified the victim was not a cooperative witness. But, at trial, he was able to elicit testimony from the victim that he was a convicted murderer, did not see who shot him, did not want the case prosecuted, had been stalking Jones' mother, and had threatened to take her life. Attorney Handfield believed the five-year plea offer was reasonable under the circumstances, but Jones declined to accept. He claimed that when he spoke with Jones' family, he explained the offer was reasonable. He denied instructing Jones to reject the plea offer, but instead recommended to Jones that he accept it. Attorney Handfield agreed that he believed there was a good chance of winning at trial but claimed he never guarantees a victory and did not do so in this case. According to Attorney Handfield, Jones' family was encouraging him not to accept the plea agreement. He could not recall whether he or Attorney Akbar took the victim's deposition and claimed he was not relying on the victim's testimony to make his case.

The prosecutor in the case testified he discussed the plea offer with Attorney Akbar and both agreed Jones should have taken the plea offer. However, he recalled that Attorney Handfield was "in charge" of the defense. According to the prosecutor, both defense attorneys discussed the plea offer with Jones, but he did not wish to accept.

At the conclusion of the evidentiary hearing, the postconviction judge orally announced his ruling. Regarding the legal advice given to Jones on the plea offer, the judge stated:

> I don't find that there's a direct conflict between the testimony of Mr. Akbar and Mr. Handfield. Mr. Akbar was certain about certain parts of his testimony, which was that he recommended to Mr. Jones that he take the plea. He was less confident about having heard everything that was said between Mr. Handfield and Mr. Jones; and, in fact, had indicated he did not hear all the conversations. I don't think there's a direct conflict there. He did say -- Mr. Akbar said that Mr. Handfield believed

this was a winnable case. I think that's supported by Mr. Handfield's testimony, but I accept Mr. Handfield's testimony that he recommended, as did Mr. Akbar, that Mr. Jones take the plea. For whatever reason, Mr. Jones decided to ignore their advice. I suspect what was happening, and unfortunate, but I suspect Mr. Jones was listening to family members more so than he was listening to his attorneys. But, anyway, to the extent it's asserted of a direct conflict there, I don't find that to be the case.

The postconviction court entered an order denying postconviction relief, finding Jones failed to show he received ineffective assistance of counsel or that he was prejudiced by any alleged deficiency.

## II. Legal Analysis

When reviewing the trial court's denial of an appellant's motion after an evidentiary hearing, an appellate court must give deference to the trial court's findings of facts that are supported by competent, substantial evidence and review the findings of law de novo. *Hunter v. State*, 87 So. 3d 1273, 1275 (Fla. 1st DCA 2012). An appellate court will not substitute its judgment for that of the trial court as to the credibility of the witnesses or the weight to be given to the evidence. *State v. Dickson*, 89 So. 3d 277, 279 (Fla. 1st DCA 2012). A determination as to which testimony is most credible is a finding of fact which should be made by the postconviction court. *See Santiago v. State*, 252 So. 3d 421, 422 (Fla. 5th DCA 2018) (Lambert J. concurring opinion) (citing *Shere v. State*, 742 So. 2d 215, 218 n.8 (Fla. 1999)).

To show ineffective assistance of counsel, the appellant must demonstrate: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the first prong, the Supreme Court has detailed that a defendant must show "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In establishing the second prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have

4

been different." *Id.* at 694. A "reasonable probability" is one which is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "Because the *Strickland* standard requires a showing of both counsel's deficient performance and prejudice to the defendant, once a reviewing court determines that the defendant has not established one prong, the court is not required to analyze whether the defendant has established the other prong." *Frances v. State*, 143 So. 3d 340, 347 (Fla. 2014) (citing *Stewart v. State*, 801 So. 2d 59, 64 (Fla. 2001).

The postconviction court held Jones failed to show Attorney Handfield's performance was deficient, concluding Jones had chosen not to accept his attorneys' advice when he rejected the plea offer. In reaching this conclusion, the postconviction court found no conflict between Attorney Akbar's and Attorney Handfield's testimony with respect to both advising Jones to accept the offer. This is a finding of fact which this Court will not disturb if supported by competent, substantial evidence. *See Hunter*, 87 So. 3d at 1275. Here, the record supports this conclusion. Both Attorneys Akbar and Handfield testified that they urged Jones to take the plea offer. Attorney Akbar acknowledged he was not present when Attorney Handfield spoke to Jones regarding whether he should take the plea offer. The postconviction court found the testimony of the attorneys that Jones was advised to accept the plea offer more credible than that of Jones. We will not disturb this factual finding on appeal.

## III. Conclusion

It is not the role of the appellate court to substitute its judgment for that of the trial court as to the credibility of the witnesses or the weight to be given to the evidence. Competent, substantial evidence supports the postconviction court's factual findings. Therefore, we affirm the denial of Appellant's motion for postconviction relief.

AFFIRMED.

WOLF and MAKAR, JJ., concur.

5

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael Ufferman of the Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.