# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1434
Lower Tribunal No. F00-23049A
_____

**Johnny LaFlippe,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle R. Walsh, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SCALES, GORDO and LOBREE, JJ.

PER CURIAM.

Johnnie LaFlippe appeals the trial court's June 4, 2021 order that, following an evidentiary hearing, summarily denied as legally insufficient LaFlippe's Florida Rule of Criminal Procedure 3.850 postconviction motion. We reverse and remand for further proceedings.

Where, as here, an evidentiary hearing is held to resolve a timely, facially sufficient rule 3.850 postconviction motion, the trial court "shall determine the issues, and make findings of fact and conclusions of law with respect thereto." Fla. R. Crim. P. 3.850(f)(8)(A); Marcus v. State, 201 So. 3d 851, 852 (Fla. 1st DCA 2016). When the trial court fails to do so, "the proper remedy is to direct the trial court on remand to determine whether it can make the necessary findings and conclusions based upon the record that will show appellant was not entitled to relief." Id.

Accordingly, we reverse the June 4, 2021 order and remand for the trial court to make the requisite findings of fact and conclusions of law based on the claim in LaFlippe's rule 3.850 postconviction motion.

Reversed and remanded.[1]

---

[1] In its briefing to this Court, the State notes for the first time that LaFlippe's postconviction motion is missing the certification that LaFlippe "can understand English" or, if he cannot, that he "has had the motion translated completely into a language that [he] understands." Fla. R. Crim. P. 3.850(n)(2). While the omission may have been "grounds for the entry of an order dismissing the motion," id., the State failed to raise this issue in the

2

lower proceeding. The issue, therefore, was waived. <u>See</u> <u>Carter v. State</u>, 706
So. 2d 873, 874 n.1 (Fla. 1997).