# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0834
Lower Tribunal No. F15-24092A
_____

**Jason Villatoro,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY and LOBREE, JJ.

PER CURIAM.

Jason Villatoro appeals the trial court's order following an evidentiary

hearing that summarily denied as legally insufficient his Florida Rule of Criminal Procedure 3.850 postconviction motion.[1]  We reverse and remand for further proceedings.

"Where, as here, an evidentiary hearing is held to resolve a timely, facially sufficient rule 3.850 postconviction motion, the trial court 'shall determine the issues, and make findings of fact and conclusions of law with respect thereto.'" LaFlippe v. State, 338 So. 3d 348, 349 (Fla. 3d DCA 2022) (quoting Fla. R. Crim. P. 3.850(f)(8)(A)). "When the trial court fails to do so, 'the proper remedy is to direct the trial court on remand to determine whether it can make the necessary findings and conclusions based upon the record that will show appellant was not entitled to relief.'" Id. (quoting Marcus v. State, 201 So. 3d 851, 852 (Fla. 1st DCA 2016)).  Accordingly, we reverse the order and remand for the trial court to make the requisite findings of fact and conclusions of law based on the claim in Villatoro's rule 3.850 postconviction motion.  Reversed and remanded.

---

[1] The only order in the record bears the case number of a companion case and was rendered on August 23, 2021, almost six months after the March 29, 2021 notice of appeal, with a notation that it was to be nunc pro tunc to March 3, 2021.  The clerk's handwritten docket insert card reflects that on February 3, 2021, the matter was reset for ruling on February 17, 2021.  The electronic docket reflects that on February 17, 2021, the motion was denied and the matter was reset for report re. order on March 3, 2021.  No appearances or minutes entry or transcript in the record reflects the trial court's oral ruling, if any, on either February 17, 2021, or March 3, 2021.

2