PER CURIAM.
Philip Leigh (Defendant) appeals from an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse only as to the eighth ground raised in his motion, and affirm without discussion as to his other grounds for relief.
Following a jury trial, Defendant was found guilty of trafficking in cocaine and conspiracy to traffic in the same quantity of cocaine. In his timely rule 3.850 motion for postconviction relief, he raised eleven grounds for relief. The trial court summarily denied the motion and Defendant appealed.
In his eighth ground, Defendant claimed his trial counsel was ineffective for allowing him to appear in a leg restraint and for failing to object to the presence of a dog. He alleged that the jury was aware he was wearing some sort of leg restraint; it was supposed to be concealed under his trousers, but its size and bulk made concealment impossible; it marked him as a dangerous character, affecting his presumption of innocence.
Furthermore, the jury was aware of the presence of a dog in the courtroom because, on more than one occasion, the presiding judge, the Honorable Susan Lebow, had to correct her dog, which was whining and barking, and on more than one occasion, the dog put its front paws on the swing door that separated it from the courtroom where the judge was presiding, suggesting to the jury that the dog was present for the safety of the court, unnecessarily marking Defendant as a dangerous character.
“Allowing a defendant to appear before the jury in restraint devices is an inherently prejudicial practice that undermines the presumption of innocence and the right to a fair trial.” Miller v. State, 852 So.2d 904, 905 (Fla. 4th DCA 2003) (reversing summary denial of postconviction motion with respect to defendant’s claim that his trial counsel had been ineffective for failing to object to his appearing before the jury in restraint devices, which were obvious to at least one witness, and remanding for an evidentiary hearing or the attachment of portions of the record that conclusively refuted the claim); Jensen v. State, 964 So.2d 812 (Fla. 4th DCA 2007) (reversing summary denial of a post-conviction claim that defense counsel was ineffective for allowing the movant to appear in prison attire and in failing to object to the movant’s appearing before the jury in leg shackles which the jury actually saw and heard).
In its response below, the State recommended denial of this ground because, while there was discussion outside the jury’s presence about Defendant’s be *398 ing “leg shackled,” and his need to move about the courtroom to view the playing of the tapes, there was no other mention about his moving through the courtroom or the jury being present, and Defendant had not cited to any specific section of the transcript clearly supporting his claim, nor was there anything in the record which showed a dog was in the courtroom.
Of course, as Defendant properly argues in his initial brief, it was the State’s obligation to refute his allegations, not his obligation to point to support for his position in the record. If a rule 3.850 motion is facially sufficient, setting forth a cognizable claim for relief, the claim may be denied if the record conclusively refutes the claim; if the claim is denied on this basis, then the trial court must attach to its order of denial those portions of the record that conclusively refute the alleged claim. If the claim is not refuted by the record, and has not been procedurally barred, then the trial court should order an evidentiary hearing. Fla. R.Crim. P. 3.850(d).
Accordingly, the summary denial of Defendant’s eighth ground for relief is reversed and remanded for the attachment of portions of the record conclusively refuting this ground or for an evidentiary hearing.

Affirmed in part, Reversed in part, and Remanded.

GROSS, C.J., STEVENSON and HAZOURI, JJ., concur.