DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP LEIGH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-967

[October 14, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 03021456CF10B.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant, Philip Leigh, appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which followed an evidentiary hearing pursuant to this court's decision in *Leigh v. State*, 58 So. 3d 396 (Fla. 4th DCA 2011). We reverse because, as the state concedes, the trial court failed to make findings of fact and conclusions of law as required by Florida Rule of Criminal Procedure 3.850(f)(8)(A). Without these findings and conclusions, the appellate court is unable to properly review the trial court's order. *Tyrell v. State*, 107 So. 3d 536, 537 (Fla. 4th DCA 2013); *Hunter v. State*, 87 So. 3d 1273, 1275 (Fla. 1st DCA 2012).

Appellant also argues that the trial court erred in refusing to consider evidence and argument on his claim that his counsel was ineffective for failing to object to the use of restraints on him during trial. We do not share the trial court's narrower view of the claim and conclude that the appellant did, in fact, raise it. Of course, even if counsel were ineffective in failing to object, the appellant would still have to show prejudice. *See*

*Strickland v. Washington*, 466 U.S. 668 (1984); *Torres v. State*, 9 So. 3d 746, 747 (Fla. 4th DCA 2009).  At the evidentiary hearing, two jurors, the prosecutor, the defense attorney, and the judge all testified that the jurors could not see the restraints.  Appellant, however, testified that the restraints must have been observed by the jury.  The trial court must make findings of fact and conclusions on this issue for this Court to review.

Accordingly, we reverse and remand for further proceedings.  On remand, the trial court shall enter an order complying with rule 3.850(f)(8)(A).

*Reversed and remanded.*

WARNER, GROSS and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***