GERBER, J.
The defendant appeals from the circuit court’s order denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief after an evidentiary hearing. The defendant argues the court erred in denying his motion without making any findings of fact or conclusions of law supporting the court’s determination of the issues, as required by rule 3.850(f)(8)(A), which provides, in pertinent part:
If an evidentiary hearing is required, the court ... shall determine the issues, and make findings of fact and conclusions of law with respect thereto.
Fla. R. Crim. P. 3.850(f)(8)(A) (2015) (emphasis added).
We agree with the defendant’s argument. At the end of the evidentiary hearing, the circuit court orally denied the defendant’s motion as follows:
I have had an opportunity to review 'the transcript of the plea in this case and listen to the testimony of [the defendant] and [the defendant’s former attorney.].
Based on the testimony as it is laid out in the transcript and the testimony we received here in court, I am going to deny the 3.85[0] motion.
The court later entered a written order denying the defendant’s motion as follows:
THIS CAUSE having come on to be heard on 9-24-15 upon the Evidentiary hearing on Defendant’s, Motion for Post Conviction Relief 3.850, the Court fully advised in the premises, after hearing arguments of Counsel and reviewing all documents in support of said motion, it is hereby,
ORDERED AND ADJUDGED that the Defendant’s Motion for Post-Conviction Relief is hereby DENIED.
Neither the circuit court’s oral ruling nor the court’s written order contained the findings of fact and conclusions of law which rule 3.850(f)(8)(A) requires. Thus, the court erred in denying the motion without making such findings and conclusions.
The state argues, among other things, that the court’s error 'was. harmless because the court obviously found the defendant’s former attorney’s testimony to be *1131 more persuasive than the defendant’s testimony during the evidentiary hearing.
While we appreciate that possibility given our review of the transcripts from the underlying plea hearing and the postcon-viction evidentiary hearing, we cannot make - such an assumption given rule 3.850(f)(8)(A)’s plain requirements and our prior rationale for enforcing such require-inents. See Leigh v. State, 175 So.3d 946, 947 (Fla. 4th DCA 2015) (“We reverse because, $s the state concedes, the trial court failed to make findings of fact and conclusions of law as required by Florida Rule of Criminal Procedure 3.850(f)(8)(A). Without these findings and conclusions, the appellate court is unable to properly review the trial court’s órder.”) (emphasis added; citations omitted).
Accordingly, we reverse and remand for the circuit court to enter an order complying with rule 3.850(f)(8)(A). Id. We conclude without further. discussion that the state’s remaining arguments for affir-mance lack merit.

Reversed and remanded.

WARNER and LEVINE, JJ., concur.