966 So.2d 22 (2007)
Brenda C. DeMONIA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-313.
District Court of Appeal of Florida, Second District.
August 10, 2007.
SILBERMAN, Judge.
Brenda DeMonia appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively refute DeMonia's claim that her counsel's misadvice rendered her plea involuntary, we reverse in part and remand for further proceedings. We affirm without discussion the postconviction court's order denying relief as to DeMonia's other grounds.
DeMonia entered an open, no contest plea to grand theft and multiple counts of forgery and uttering a forged instrument. The trial court sentenced her to 10 years' imprisonment followed by 68 consecutive terms of 5 years' probation. In her motion, DeMonia claimed that her counsel was ineffective because he misadvised her regarding the length of the sentence that she would receive. She alleged that she entered an open plea "amid a promise that 71 months [of imprisonment], the offer from the State, would be the maximum sentence she could receive." She stated that "[t]he open plea was done solely to allow the judge the opportunity to give a sentence below 71 months" and that counsel told her, her parents, and her husband that 71 months was the "worst case scenario." She reiterated that counsel never advised her that she could receive a sentence in excess of 71 months.
DeMonia also alleged that defense counsel told her the State would ask for a bottom-of-the-guidelines sentence of 71 months. At the sentencing hearing, the State did, in fact, request that sentence. She claimed that counsel never told her that the trial court could depart upward from the guidelines scoresheet sentencing range of 70.5 months to 117.5 months' imprisonment.
In reviewing the record, the postconviction court noted that when DeMonia entered her plea, her counsel argued that mitigating circumstances would support a reduced sentence. The court also noted that the victim had asked for the maximum sentence. The court stated that the victim's request "must have been some indication that the maximum sentence was a possibility." The postconviction court further noted that DeMonia had told the trial court no promises had been made regarding *24 her sentence, that the trial court had advised her of the statutory maximum penalties for the crimes, and that the trial court had asked if DeMonia understood the recommended guidelines sentence.
The postconviction court then commented regarding a May 2000 hearing on DeMonia's petition for belated appeal. At that hearing, the judge asked counsel if he had advised DeMonia "that [71 months] was the maximum that she could receive"; counsel responded, "No, your Honor, but that's not to say she didn't interpret it that way." The judge asked if counsel told DeMonia that the trial court could have sentenced her to something in excess of what the State was offering. Counsel stated, "I believe so," but expressed some uncertainty. He commented that he makes it clear on the record "what exactly the deal is and what the situation is. But that's, again, not to say that she misunderstood or saw it a different way."
Based on its review of the record, the postconviction court entered an order summarily denying relief. The court found that the record conclusively refuted DeMonia's claim and that it was "clear from the context of the sentencing hearing that all parties understood that any sentence was possible."
Pursuant to rule 3.850(d), a motion for postconviction relief may be summarily denied "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief." Here, the documents relied on by the postconviction court do not conclusively refute DeMonia's claim. In fact, some documents arguably lend support to her claim. For example, while the transcript of the belated appeal hearing reflects that certain of counsel's statements were ambiguous, counsel specifically acknowledged that DeMonia may not have understood that the trial court could impose a sentence in excess of 71 months.
Counsel also suggested that the plea transcript would likely show that he and the judge would have made the sentencing situation clear to DeMonia. However, while the plea transcript shows that the trial court disclosed to DeMonia the statutory maximums for the crimes, she was not told that the trial court could impose a sentence that exceeded the recommended sentencing guidelines range or a sentence in excess of what the State recommended. The postconviction court correctly observed that DeMonia had acknowledged at the plea hearing that no one made any promises about her sentence. However, DeMonia alleged in her motion that her acknowledgment was accurate because she understood, based on counsel's advice, that an open plea allowed the trial court to consider a sentence of less than the guidelines minimum and less than what the State had offered and would be recommending at sentencing. No promise had been made as to her exact sentence, but she understood from counsel that her worst case scenario was 71 months because the court could, but was not required to, go lower.
Thus, the documents attached to the postconviction court's order do not conclusively refute the claim as to counsel's misadvice and do not establish that DeMonia knew that the trial court could impose any sentence up to the statutory maximum. Further, the documents do not reflect that DeMonia understood or was told at the plea hearing or at any other time that the trial court might enter a sentence that exceeded the State's recommendation and exceeded the recommended sentencing guidelines range.
Because DeMonia's claim is not conclusively refuted by the transcripts and other documents contained in the record, and in *25 light of defense counsel's ambiguous statements, we conclude that a factual dispute exists that must be resolved by evidentiary hearing. See State v. Leroux, 689 So.2d 235 (Fla.1996). Accordingly, we reverse and remand for the postconviction court to conduct an evidentiary hearing on the issue of whether counsel misadvised DeMonia, rendering her plea involuntary. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
WHATLEY and VILLANTI, JJ., Concur.