*1274
 
 PER CURIAM.
 

 Josué Collazo appeals the denial of his rule 3.850 motion for postconviction relief. Because the record does not conclusively refute his claim that he entered a plea based upon misadvice from counsel regarding the length of his sentence, we reverse. The remainder of Collazo’s claims are without merit, and we affirm as to them.
 

 Collazo, who does not speak English, pled guilty to robbery with a firearm with a mask, which carries a minimum mandatory term of ten years. The court sentenced Collazo to fifteen years in the Department of Corrections, with a ten-year minimum mandatory term, followed by two years of community control and three years of probation.
 

 Collazo contends that he entered his plea with the understanding, gained from his counsel, that he would receive a ten-year sentence and that his understanding was memorialized in the written plea agreement that he signed. He attached to his motion a copy of the Spanish version of the plea agreement, which does in fact include the promise of a maximum sentence of ten years. Collazo also attached an English translation of the plea agreement, which is inconsistent with the Spanish version because of the addition of the handwritten notation “sentencing up to court with at least,” followed by an arrow indicating that this language was to be inserted in front of the ten-year minimum mandatory sentence. He alleges that this additional language was not on the English version when he signed it.
 

 Misrepresentations or misadvice by counsel about the length of a sentence can be the basis for postconviction relief.
 
 See State v. Leroux,
 
 689 So.2d 235, 236 (Fla.1997);
 
 Fisher v. State,
 
 824 So.2d 1050 (Fla. 3d DCA 2002). An allegation that counsel misrepresented the length of time that a defendant would serve can be summarily denied if the plea colloquy conclusively refutes the allegations.
 
 Leroux; Montgomery v. State,
 
 615 So.2d 226 (Fla. 5th DCA 1993). However, a general question about promises made in exchange for a plea is insufficient to refute an allegation of specific misadvice by counsel about the length of a sentence.
 
 DeMonia v. State,
 
 966 So.2d 22 (Fla. 2d DCA 2007);
 
 Fisher v. State,
 
 824 So.2d 1050, 1052 (Fla. 3d DCA 2002);
 
 Johnson v. State,
 
 776 So.2d 1024 (Fla. 1st DCA 2001).
 

 In this case, the plea colloquy does not refute Collazo’s allegations that he entered his plea with the understanding that he would be receiving a ten-year minimum mandatory sentence and only a ten-year minimum mandatory sentence and that when he signed the English translation of the plea agreement, it provided for a ten-year sentence, just as the Spanish version had. In fact, the plea colloquy reflects some confusion by Collazo and demonstrates that the trial court did not specifically ask him if his counsel had promised him a specific sentence. Since the record does not conclusively refute Collazo’s allegations as to this claim, this case must be remanded for attachment of those portions of the record conclusively refuting Colla-zo’s allegations or for an evidentiary hearing.
 

 The denial of the remainder of Collazo’s claims is affirmed.
 

 AFFIRMED in part; REVERSED and REMANDED FOR RECORD ATTACHMENTS OR AN EVIDENTIARY HEARING.
 

 SAWAYA and EVANDER, JJ. and PLEUS, R., Senior Judge, concur.