WETHERELL, J.
 

 Appellant seeks review of the trial court’s denial of his motion to withdraw his plea filed pursuant to Florida Rule of Criminal Procedure 3.170(7). We reverse.
 

 In November 2000, Appellant was sentenced to three years in prison followed by 15 years of probation. In February 2007, Appellant was charged with violating probation by changing his residence without the permission of his probation officer. In January 2009, Appellant entered a plea of no contest to the violation and was sentenced to 177.75 months in prison.
 

 At the probation violation hearing, Appellant offered the following testimony regarding the circumstances of the alleged violation: He explained that his wife was on active duty in the Navy and that they were often transferred. Upon the first transfer, he notified his probation officer, who approved the move. He provided the officer with his new address and she responded that someone would contact him. A few months after the move, a probation officer contacted him. When a second move was imminent, Appellant notified his probation officer again and provided his new address. The officer noted the address, approved the move, and placed a note in Appellant’s folder. After the move, no one contacted him.
 

 Appellant timely filed a motion to withdraw his plea after sentencing. He claimed that his trial counsel misadvised him about the sentence that he could receive for the probation violation and also misadvised him regarding potential defenses to the charge. The trial court denied the motion after a hearing, finding that Appellant’s claims were “refuted in the record.”
 

 In
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009), the Florida Supreme Court outlined the procedure that trial courts should follow when a defendant files a motion to withdraw a plea based on allegations giving rise to an adversarial relationship with counsel such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea. “[T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.”
 
 Id.
 
 at 287.
 

 Here, the trial court held the initial hearing contemplated by
 
 Sheppard,
 
 at which the testimony of Appellant and his trial counsel demonstrated that an adversarial relationship existed. Thus, pursuant to
 
 Sheppard,
 
 the trial court was required to appoint conflict-free counsel to repre
 
 *1170
 
 sent Appellant on his motion to withdraw his plea unless the court determined that Appellant’s claims were conclusively refuted by the record.
 
 Id,.; see also Carter v. State,
 
 22 So.3d 793, 794 (Fla. 1st DCA 2009);
 
 Smith v. State,
 
 21 So.3d 72 (Fla. 1st DCA 2009).
 

 We agree that the record conclusively refutes Appellant’s claim that he was misadvised regarding his potential sentence. The record includes the plea colloquy from the probation violation hearing where the trial court clearly informed Appellant of the potential sentence that he was facing, both in terms of months and years.
 

 The trial court erred, however, in determining that the record conclusively refutes Appellant’s claim that his counsel misadvised him about possible defenses to the alleged violation. The state argues that the record refutes this claim because Appellant’s trial counsel testified that she told Appellant generally what the state needed to prove in order to support a finding that he violated his probation. This testimony was at the hearing on the motion to withdraw where Appellant was essentially unrepresented by counsel; there is nothing in the record
 
 of the probation violation hearing
 
 to refute Appellant’s claim that he was misadvised by counsel on this issue. Appellant’s acknowledgment in the plea colloquy that he “had a chance to talk to [his] attorney regarding the allegations of the violation of probation and defenses” does not conclusively refute Appellant’s claim that tidal counsel misadvised him that his explanation of alleged violation was not a defense to the charge.
 

 Accordingly, pursuant to
 
 Sheppard,
 
 we reverse and remand for an evidentiary hearing on Appellant’s motion to withdraw his plea where Appellant is represented by conflict-free counsel.
 

 REVERSED and REMANDED for further proceedings.
 

 LEWIS and THOMAS, JJ., concur.