IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROGER R. LAMKIN,

      Appellant,

v.                                      Case No.  5D16-3157

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 7, 2017

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Roger R. Lamkin, Madison, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, and
Andrea K. Totten, Assistant Attorneys
General, Daytona Beach, for Appellee.

PER CURIAM.

Roger Lamkin appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.  After carefully considering all five claims asserted by Appellant, we affirm as to all except for claim two, which is not conclusively refuted by the records attached to the postconviction court's order.

Appellant asserts in claim two that defense counsel provided ineffective assistance with regard to Appellant's admitted violation of probation. Appellant alleged that his attorney advised him that the court had agreed to reinstate his probation with an additional condition that Appellant would be required to participate in mental health treatment. Appellant claims that counsel then advised him to enter an open plea to the court, which he did. There were no offers from the State. At the violation of probation hearing, the court did not advise of a specific sentence. During the sentencing hearing, the court informed Appellant that he faced a maximum of forty years in prison for all the charges, and Appellant indicated he understood and wished to make an open plea to the court. The court imposed a sentence of thirty-five years' incarceration, instead of reinstating Appellant's probation.

A claim that counsel misadvised about the length of a sentence is a facially sufficient claim, but it may be summarily denied if the record conclusively refutes the allegations. *See State v. Leroux*, 689 So. 2d 235, 236 (Fla. 1996). The court's express statements during the plea colloquy that it makes no promises as to the sentence, that it could sentence the defendant up to the statutory maximum, or that the defendant may serve every day of the sentence can refute a defendant's claims that, under the advice of counsel, the defendant entered a plea believing he would receive a particular sentence or that he would get certain gain time. *Id.* at 238. However, "a [court's] general question about promises made in exchange for a plea is insufficient to refute an allegation of specific misadvice by counsel about the length of a sentence." *Collazo v. State*, 8 So. 3d 1273, 1274 (Fla. 5th DCA 2009).

2

Although the court informed Appellant of the possible maximum sentence he could receive, the court did not mention that Appellant could face up to the maximum term of imprisonment by pleading open to the court, and there was no discussion of what sentence would actually be imposed. Because the records attached to the order of summary denial do not conclusively refute claim two, we reverse for the postconviction court to either attach appropriate records or conduct an evidentiary hearing on that claim of affirmative misadvice as to the sentence that would be imposed for the violation of probation.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

COHEN, C.J., BERGER, and EDWARDS, JJ., concur.