NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ROBERT GODDARD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-2969 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed April 21, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Wayne M. Durden, Judge.

Arturo R. Rios of Law Office of Arturo
R. Rios, P.A., St. Petersburg, for Appellant.

PER CURIAM.

Robert Goddard appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Because the

record does not conclusively refute Mr. Goddard's claim that counsel provided

ineffective assistance by misadvising him regarding the deportation consequences of

pleading guilty, we reverse and remand for further consideration of Mr. Goddard's claim.

## Background

Mr. Goddard is an immigrant from Barbados and is a lawful permanent resident of the United States. In August 2015, pursuant to a negotiated plea agreement, Mr. Goddard pleaded guilty to possession of methylenedioxymethamphetamine (MDMA), possession of prescription drugs without a prescription, possession of cocaine, possession of cannabis with intent to sell, and possession of drug paraphernalia. The trial court withheld adjudication and ordered twenty-four months' probation and ten days of confinement in the county jail. As a result of those convictions, the Department of Homeland Security detained Mr. Goddard and initiated removal proceedings in February 2016.

In an amended motion for postconviction relief filed in March 2016, Mr. Goddard raised one claim of ineffective assistance of counsel, alleging that his trial counsel specifically advised him on two separate occasions that his pleas would not subject him to deportation if the trial court withheld adjudication. Mr. Goddard asserted that had counsel not given him that advice, he would not have pleaded guilty and would have proceeded to trial.

After ordering the State to respond, the postconviction court issued a two-paragraph order adopting the State's reasoning that the trial court's advisement during the plea colloquy, "if you are not a U.S. citizen you are subject to deportation," cured any prejudice from counsel's misadvice. This appeal follows.

## Analysis

When reviewing the summary denial of a motion filed under rule 3.850, this court applies de novo review and "must accept the movant's factual allegations as

true to the extent that they are not refuted by the record." Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013) (citing Occhicone v. State, 768 So. 2d 1037, 1041 (Fla. 2000)). Since there was no evidentiary hearing, the court "must examine each claim to determine if it is legally sufficient[] and, if so, whether the record refutes it." Allen v. State, 854 So. 2d 1255, 1258 (Fla. 2003). "[U]nless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(d).

Mr. Goddard raises one claim of ineffective assistance of counsel, for which he is required to show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 694 (1984). To establish that counsel was deficient, Mr. Goddard must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "In the plea context, a defendant satisfies the prejudice requirement only where he can demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Id. (alteration in original) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

**A. Deficiency**

First, the record does not conclusively refute Mr. Goddard's claim that counsel's misadvice constituted deficient performance, as the deportation consequences of pleading guilty could be easily determined from reading the federal

removal statute. In Padilla, 559 U.S. 356, the Supreme Court held that counsel has a duty to advise noncitizen clients of the deportation consequences of pleading guilty. The Court ruled that it is deficient performance for counsel to fail to advise or to affirmatively misadvise a client regarding the deportation consequences of pleading guilty when those consequences are "truly clear." Id. at 369.

Like Mr. Goddard, Mr. Padilla was charged with committing a crime involving a controlled substance (transportation of a large amount of marijuana). Id. at 359. In concluding that counsel was deficient for not advising Mr. Padilla that he would likely be deported if he pleaded guilty, the Court stated "counsel could have easily determined that [Mr. Padilla's] plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses." Id. at 368 (referring to 8 U.S.C. § 1227(a)(2)(B)(i)). In that situation, where the deportation consequence of pleading guilty was clear, counsel rendered deficient performance by failing to accurately advise his client that a conviction would almost certainly lead to deportation.

Similarly, Mr. Goddard faced controlled substance charges that would be grounds for deportation under the same federal removal statute. See 8 U.S.C. § 1227(a)(2)(B)(i) (2015) ("Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."). Mr. Goddard's MDMA, cocaine, and marijuana convictions would each qualify under the statute. Thus, as was the case in

Padilla, the deportation consequence of pleading guilty was clear, and counsel therefore would have been deficient for providing anything short of accurate advice that deportation would be all but certain.

On that point, Mr. Goddard asserts in a sworn affidavit that counsel specifically told him on two occasions that he would not be deported if he pleaded guilty. According to Mr. Goddard, counsel was adamant that if the court withheld adjudication then he would not have any formal convictions that would allow for deportation. This advice was incorrect, as a withholding of adjudication qualifies as a conviction for deportation purposes. See 8 U.S.C. § 1101(a)(48)(A) (defining "conviction" as including a withhold of adjudication when (i) "the alien has entered a plea of guilty" and "(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty"); Gomez v. State, 126 So. 3d 444, 444 (Fla. 4th DCA 2013) (noting that deportation for a controlled substance offense "was automatic, regardless of the withholding of adjudication"). Taking his assertions as true, as we are required to do, Mr. Goddard has made a sufficient showing of deficiency, and the record does not refute his claim on this point.

### B. Prejudice

Second, the record does not conclusively refute Mr. Goddard's claim that he was prejudiced by counsel's deficient performance, as he alleges that he would not have pleaded guilty had he known that he would likely be deported, and the court's plea colloquy was insufficient to cure counsel's misadvice. The State contends that the court's advisement during the plea colloquy was unequivocal and negated counsel's errors. However, in the context of refuting prejudice, a court must look to the totality of

the circumstances to determine if the defendant knew of the deportation consequences of entering a guilty plea, and the record in this case does not conclusively show that Mr. Goddard knew of those consequences.

The Florida Supreme Court explained in <u>Hernandez</u>, 124 So. 3d at 763, that for a plea colloquy to cure counsel's deficiency it must rise to the same level of accuracy and clarity that <u>Padilla</u> requires of counsel:

> Where deportation consequences are "truly clear," the United States Supreme Court in <u>Padilla</u> requires effective counsel to provide more than equivocal advice concerning those consequences. At least in those circumstances, an equivocal warning from the trial court is less than what is required from counsel and therefore cannot, by itself, remove prejudice resulting from counsel's deficiency.

(Citation omitted.) Thus, in cases such as this one, where counsel is required to provide clear and accurate advice that a guilty plea will almost certainly result in deportation, the court's advisement in the plea colloquy must be equally clear and accurate in order to erase any prejudice.

In addition to looking at the clarity of the plea colloquy, the supreme court in <u>Hernandez</u> also indicated that the analysis should look at the totality of the circumstances to determine if the defendant was on notice of the deportation consequences of his plea:

> The fact that an equivocal warning from the trial court is insufficient to categorically eliminate prejudice in every circumstance is not to say, however, that the plea colloquy is meaningless . . . . Instead, a colloquy containing an equivocal warning from the trial court and an acknowledgment from the defendant <u>contributes to the totality of the circumstances by providing evidence that the defendant is aware of the possibility that a plea could</u>

<u>affect his immigration status</u>. In other words, the colloquy required by [Florida Rule of Criminal Procedure] 3.172(c)(8) may refute a defendant's postconviction claim that he had no knowledge that a plea could have possible immigration consequences; however, it cannot by itself refute a claim that he was unaware of presumptively mandatory consequences.

<u>Id.</u> (emphasis added and citation omitted).[1]

Accordingly, we must determine whether the court, through its plea colloquy, met counsel's duty under <u>Padilla</u> to correctly inform the defendant of the "presumptively mandatory" deportation consequences of pleading guilty and whether it appears from the totality of the circumstances that the defendant pleaded guilty with knowledge of those consequences.

Applying the supreme court's <u>Hernandez</u> analysis to this case, the particular plea colloquy that the trial court gave to Mr. Goddard did not cure counsel's misadvice and the totality of the circumstances do not conclusively show that Mr. Goddard knew the consequences of pleading guilty. The trial court's plea colloquy in this case contained a string of advisements regarding nearly a dozen different rights that Mr. Goddard was giving up by pleading guilty, with a brief advisement concerning deportation in the middle:

> COURT: Okay, by entering into this plea agreement you're giving up certain constitutional rights related to this case that I need to go over with you. You are giving up the right to a jury trial, the right to the proof of the allegations by the State beyond and to the exclusion of any reasonable doubt. The right to confront witnesses, the right to be represented by an attorney at the trial and to have your attorney cross-

---

[1]Prior to 2016, rule 3.172(c)(8) contained a simple advisement that a finding of guilt "may" result in deportation. <u>See</u> <u>In re Amendments to Fla. Rules of Criminal Procedure</u>, 188 So. 3d 764, 766, 770 (Fla. 2015).

examine witnesses called by the State and to subpoena and compel witnesses on your behalf.

You are also giving up the right to choose not to testify and to have the jury told they cannot hold that against you as well as giving up the right to choose to testify and have your testimony considered like that of any other witnesses. You are also giving up the right to appeal guilt or innocence of the charges <u>and if you are not a U.S. citizen you are subject to deportation</u>.

Also, if at any time you are ever incarcerated prior to your release the State can make a determination as to whether you had ever been accused of, charged with or found guilty of a sexually violent or sexually motivated offense in which case the State can file involuntary civil commitment proceedings against you to have you held civilly pursuant to the terms of the Jimmy Ryce Act. So, do you understand all of those matters?

THE DEFENDANT: Yes, sir.

(Emphasis added.) In light of the assured advice that Mr. Goddard received from counsel, the trial court's advisement was insufficient to properly inform Mr. Goddard of the severe and nearly certain deportation consequences of pleading guilty.[2]

---

[2]We note that the change in rule 3.172(c)(8)'s standard advisements between 2015 and 2016 demonstrates the supreme court's recognition of the importance of a thorough advisement and the inadequacy of a brief advisement. Prior to 2016, the rule instructed trial courts to simply advise a defendant that "if he or she is not a United States citizen, [a guilty or no contest] plea may subject him or her to deportation." Fla. R. Crim. P. 3.172(c)(8). In the 2016 version of rule 3.172(c)(8), courts are now instructed to give a much more comprehensive advisement:

(A) If the defendant is not a citizen of the United States, a finding of guilt by the court, and the court's acceptance of the defendant's plea of guilty or no contest, regardless of whether adjudication of guilt has been withheld, may have the additional consequence of changing his or her immigration status, including deportation or removal from the United States.

- 8 -

Mr. Goddard alleged that counsel told him on two occasions that a withhold of adjudication would not subject him to deportation. Mr. Goddard asserted that he questioned counsel to make sure and that counsel assured him that he had nothing to worry about. Looking at the totality of the circumstances, the trial court's brief statement, in the midst of a long colloquy, that the pleas would subject Mr. Goddard to deportation was insufficient to meet counsel's duty under Padilla, and it does not establish that Mr. Goddard knew the deportation consequences of pleading guilty. Accordingly, the record does not conclusively refute Mr. Goddard's claim of prejudice.

## Conclusion

Because the record does not conclusively show that Mr. Goddard is not entitled to relief, we reverse the postconviction court's summary denial of his motion and remand for further consideration of his claim, including an evidentiary hearing if necessary.

Reversed and remanded.

---

(B) The court should advise the defendant to consult with counsel if he or she needs additional information concerning the potential deportation consequences of the plea.

(C) If the defendant has not discussed the potential deportation consequences with his or her counsel, prior to accepting the defendant's plea, the court is required, upon request, to allow a reasonable amount of time to permit the defendant to consider the appropriateness of the plea in light of the advisement described in this section.

(D) This admonition should be given to all defendants in all cases, and the trial court must not require at the time of entering a plea that the defendant disclose his or her legal status in the United States.

WALLACE, LaROSE, and MORRIS, JJ., Concur.