FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-3517
_____

MOHAMMED ALSUBAIE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

April 29, 2019

B.L. THOMAS, C.J.

Appellant challenges the lower court's denial of his motion for postconviction relief, arguing that his counsel was ineffective in failing to advise him of the deportation consequences of his no contest plea. Because Appellant has shown a reasonable probability that he would have rejected the plea and proceeded to trial had he been adequately informed of the plea's deportation consequences, we reverse.

*Facts*

In February 2014, Appellant was charged by information with possession of a controlled substance (cocaine), possession of a controlled substance (less than 20 grams of cannabis), and driving without a valid driver's license.

The charges stemmed from Appellant's arrest after an Escambia County sheriff's deputy stopped Appellant for running a red light. During the traffic stop, Appellant told the officer he did not have a valid driver's license and that there was marijuana under the driver's seat. The officer searched Appellant's person incident to the arrest and found a "small white rock" in Appellant's front left pocket; the rock field-tested positive as a cocaine-based substance.

Appellant filed a motion to suppress the evidence seized during the traffic stop, arguing that the traffic stop was unlawful. The trial court denied Appellant's motion. Appellant entered a plea of no contest and reserved the right to appeal the trial court's ruling on his motion to suppress. We affirmed per curiam. *Alsubaie v. State*, 151 So. 3d 1231 (Fla. 1st DCA 2014) (Table).

Appellant's plea agreement stated that he understood that if he was not a citizen of the United States, his plea to the charges *may* result in his deportation or expulsion from the United States. During the plea colloquy, Appellant stated he had read, understood, agreed with, and signed the plea agreement:

> THE COURT: And you understand about being a U.S. citizen?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: It's possible that this could -- *you could be deported*. Well, he's not adjudicated, but it's possible you could be deported; do you understand that?
>
> [APPELLANT]: Yes, sir.

(Emphasis added.) The trial court found that Appellant freely and voluntarily entered the plea, and the court accepted the plea. The court withheld adjudication on the felony cocaine possession count, and sentenced Appellant to 36 months' probation. The court adjudicated Appellant guilty on the two misdemeanor counts, and sentenced Appellant to concurrent six-month terms of probation for each count.

In 2016, Appellant received a Notice to Appear from the U.S. Department of Homeland Security ("DHS"), stating that he was removable from the United States due to his convictions for

2

possession of cocaine and possession of marijuana. Appellant subsequently filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that counsel was ineffective for failing to advise Appellant of the immigration consequences of his plea. Appellant attached an affidavit to his motion as an exhibit, swearing that "[i]f I had known that by entering my plea in this case I would become subject to mandatory deportation I never would have entered it."

At an evidentiary hearing on Appellant's motion, Appellant testified that he is a citizen of Saudi Arabia, and he received lawful, permanent resident status in the United States in 2013. Appellant's postconviction counsel stated that although the trial court withheld adjudication on the felony count, the federal government treats a felony plea of nolo contendere as the functional equivalent of being adjudicated guilty of a felony, even if adjudication is withheld. Appellant testified that he was therefore placed in removal proceedings as a convicted felon, despite the court withholding adjudication.

Appellant testified that his trial counsel did not advise him that his no contest plea would result in his mandatory deportation and did not advise him to consult an immigration lawyer. He testified that, had he known that as a result of his plea he would be placed into DHS custody and subjected to mandatory removal, he would not have entered the plea, but would have taken his case to trial. Appellant's trial counsel did not testify at the evidentiary hearing.

The postconviction court issued an order denying Appellant's motion for postconviction relief. While the court did not dispute that deportation was a "'presumptively mandatory' consequence of [Appellant]'s plea," the court found that Appellant was not prejudiced by his counsel's failure to adequately advise Appellant on the deportation consequences of his plea. The court found that, based on the evidence in the record, Appellant had no chance of being acquitted at trial of the charges to which he pled no contest, and he therefore "would have been just as removable by immigration officials after a conviction after a jury trial as he was in light of a no contest plea." Because the court found that "it would have been objectively unreasonable to reject the State's plea offer," the court found that Appellant was not prejudiced by his

3

trial counsel's failure to advise him on the deportation consequences of his plea, and the court denied Appellant's postconviction motion.

*Analysis*

"When considering a trial court's ruling on a rule 3.850 motion after an evidentiary hearing, we defer to the trial court's factual findings – provided that they are supported by competent, substantial evidence – but we review de novo the trial court's 'application of the law to those facts.'" *Parenti v. State*, 225 So. 3d 949, 951 (Fla. 5th DCA 2017) (quoting *Jennings v. State*, 123 So. 3d 1101, 1113 (Fla. 2013).

To prove ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Where counsel could have easily determined that the defendant's plea would make him eligible for deportation, counsel is deficient under the first *Strickland* prong in failing to give the defendant correct and unequivocal advice regarding the deportation consequences of his plea. *Padilla v. Kentucky*, 559 U.S. 356, 368-69 (2010).

The State agrees that, because Appellant would be subject to virtually certain deportation if he pleaded no contest, Appellant was entitled to unequivocal advice that his plea would result in deportation – advice he did not receive. Thus, the State acknowledges Appellant's counsel provided deficient performance.

On the second *Strickland* prong, "[i]n the context of guilty pleas, . . . in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. 356 at 372.

4

In *Lee v. United States*, the Supreme Court analyzed what facts are required to adequately demonstrate "a reasonable probability that [the defendant] would have rejected the plea had he known that it would lead to mandatory deportation." 137 S. Ct. 1958, 1967 (2017). Based on the deficient advice of his attorney, the defendant in *Lee* pled guilty and accepted a prison term of one year and one day, but later learned that, because he had pled guilty to an "aggravated felony," he would be deported after his prison sentence. *Id*. at 1963.

The Supreme Court held that it would not have been irrational for Lee to go to trial and risk additional prison time in order to hold onto some chance of avoiding deportation. *Id*. at 1969. The Court noted that, even where loss at trial is a virtual certainty, if a defendant views the consequences of losing at trial and pleading guilty as "similarly dire, even the smallest chance of success at trial may look attractive." *Id*. at 1966.

> But for his attorney's incompetence, Lee would have known that accepting the plea agreement would *certainly* lead to deportation. Going to trial? *Almost* certainly. . . . [I]f the consequences of taking a chance at trial were not markedly harsher than pleading, as in this case, that "almost" could make all the difference.

*Id*. at 1968 (emphasis in original).

Appellant scored 17.4 points on his Criminal Punishment Code score sheet, and therefore likely risked no more than a year in county jail if found guilty by a jury.[*] He presented uncontested testimony that he would have gone to trial but for his counsel's

---

[*] Had Appellant been found guilty by a jury, the court could have sentenced Appellant to a harsher state prison sentence, if it made written findings that a nonstate sentence would present a danger to the community. *See* § 775.082(10), Florida Statutes (2017). However, such a finding was highly unlikely given the nature of the charges. *See Jones v. State*, 71 So. 3d 173, 176 (Fla. 1st DCA 2011) (holding that a state sentence was improper where "the record does not suggest that imprisonment within the state prison system rather than the county jail would better deter him from" repeating the charged conduct).

failure to inform that his plea would lead to certain deportation. Coupled with the limited additional consequence of a potential jury verdict of guilt, and even a slight possibility of an acquittal, we hold that there was a reasonable probability that he would have risked proceeding at trial to avoid mandatory deportation.

Appellant was therefore prejudiced by his trial attorney's failure to unequivocally advise him on the deportation consequences of his plea and was thus deprived of his right to effective counsel. We reverse the lower court's order denying Appellant's motion for postconviction relief and remand for a new trial.

REVERSED and REMANDED.

KELSEY, J., concurs; WINOKUR, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WINOKUR, J., concurring.

Alsubaie told the trial court—under oath—that he understood he could be deported as a result of his no-contest plea. He also swore that he read and understood the plea agreement, which likewise informed him that his plea "may result in deportation or expulsion from the United States." That consequence came to pass: two years after he entered the no-contest plea, the United States Department of Homeland Security informed Alsubaie that he was removable from the United States due to his convictions. In spite of the clear indication that Alsubaie was made well aware that he was facing deportation if he entered the plea, he moved to withdraw the plea on the ground that he was *not* properly advised that he was facing deportation.

Alsubaie can make this claim in the face of record evidence to the contrary by arguing that his *lawyer* had a duty to inform him of deportation consequences, separate from and in addition to the court's duty to inform him, and by alleging that it was insufficient

to tell him that he *may* face deportation, when in fact he *would* face deportation.

In any event, Alsubaie is entitled to relief pursuant to *Hernandez v. State*, 124 So. 3d 757 (Fla. 2012). In *Hernandez*, the court applied *Padilla v. Kentucky*, 559 U.S. 356 (2010), to a Florida case. In *Padilla*, the Supreme Court ruled that a defendant may withdraw a guilty plea if counsel did not advise him that the plea would subject him to automatic deportation. 559 U.S. at 360. But unlike the defendant in *Padilla*,[1] a defendant in Florida would have been advised by the trial court during the plea colloquy that a plea "may subject him or her to deportation." Fla. R. Crim. P. 3.172(c)(8) (2014). Thus, even if counsel failed to advise the defendant of deportation consequences, a Florida court was required to give this advice as a part of the plea colloquy.

However, the court in *Hernandez* ruled that the plea colloquy, even one complying with the 2014 version of Rule 3.172(c)(8), was insufficient to remove prejudice resulting from counsel's failure to advise the defendant about deportation, when deportation consequences were "truly clear." *Hernandez*, 124 So. 3d at 763. In other words, the court's advice required by the rule constituted an "equivocal warning" because it stated that the defendant "may" be deported, which was insufficient in cases where deportation was in fact "presumptively mandatory" under federal law. *Id.*

Under this standard, it appears that Alsubaie's counsel was deficient for failing to inform him of the fact that his deportation was "presumptively mandatory" under federal law. Moreover, neither his sworn testimony that he was aware that he may be deported, nor his acknowledgement that he signed and understood an agreement informing him of the same, was sufficient to overcome counsel's deficiency.[2]

---

[1] *See Com. v. Padilla*, 253 S.W.3d 482, 483 (Ky. 2008), *rev'd and remanded sub nom. Padilla v. Kentucky*, 559 U.S. 356 (2010).

[2] Since the State never introduced trial counsel's testimony at the evidentiary hearing, we are left only with Alsubaie's testimony that counsel told him nothing about deportation consequences of the plea.

But for *Hernandez*, I would affirm the trial court's ruling because the record reflects that Alsubaie was told explicitly that he could be deported, regardless of what counsel told him or failed to tell him. Florida courts often reject postconviction claims that counsel misadvised defendants, when the alleged misadvice is inconsistent with the defendant's sworn answers given in a plea colloquy. *See, e.g., La Page v. State*, 29 So. 3d 1168, 1170 (Fla. 1st DCA 2010) (rejecting the defendant's claim that counsel misadvised him regarding his potential sentence because the plea colloquy showed that trial court "clearly informed Appellant of the potential sentence he was facing"); *Lamkin v. State*, 215 So. 3d 640, 641 (Fla. 5th DCA 2017) (holding that the trial court's "express statements during the plea colloquy that it makes no promises as to the sentence . . . can refute a defendant's claims that, under the advice of counsel, the defendant entered a plea believing he would receive a particular sentence"). It is therefore difficult to see how any lack of advice from Alsubaie's counsel about deportation prejudiced him, in light of evidence that he understood that he may be deported. And it is difficult to understand how advice that he may be deported is insufficient merely because federal law provides that his deportation was "presumptively mandatory."

I am confident, however, that this issue will not continue to arise. Alsubaie entered his plea in 2014. In 2015, Rule 3.172(c)(8) was substantially amended. *In re Amendments to Fla. Rules of Criminal Procedure*, 188 So. 3d 764 (Fla. 2015). The subdivision no longer requires merely a brief warning that a plea "may subject" the defendant to deportation, which it did when Alsubaie entered his plea. The subdivision now requires the court to advise the defendant to consult with counsel regarding deportation consequences, and to allow a reasonable amount of time to permit the defendant to consider the plea in light of deportation consequences. Fla. R. Crim. P. 3.172(c)(8) (2018). *See Goddard v. State*, 217 So. 3d 1105, 1110 n.2 (Fla. 2d DCA 2017) (recognizing the effect of rule amendment). I have not found any cases where a defendant was permitted to withdraw a plea pursuant to *Hernandez* where the court read the defendant the post-2015 rule. One may hope that judges giving advice pursuant to the new rule have adequately informed defendants of deportation consequences, and that courts will no longer be compelled to order the withdrawal of guilty pleas as in this case.

8

_____

Jason Cromey, Pensacola, for Appellant.

Ashley Moody, Attorney General, Anne Conley and Amanda D. Stokes, Assistant Attorneys General, Tallahassee, for Appellee.